# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

DENISE WILSON                                                                                    PETITIONER
ADC #704858

V.                      No. 4:22-cv-00105-LPR-JTR
                        (Related Cases:  5:07-cv-00258-JTR;
                        5:12-cv-00087-JLH; 5:12-cv-00124-JLH)

SOLOMON GRAVES,                                                                                  RESPONDENT
Secretary of Corrections,
Arkansas Department of Corrections

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. BACKGROUND

Petitioner Denise Wilson ("Wilson"), who is currently incarcerated at the McPherson Unit of the Arkansas Department of Corrections, has filed another Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging her 2005 capital murder conviction in Pulaski County Circuit Court. *Doc. 2*.

Wilson challenges the same conviction she previously challenged, in *Wilson v. Norris*, E.D. Ark. No. 5:07-cv-00258-JTR. On November 19, 2009, I dismissed that habeas action, with prejudice, because all of Wilson's claims were barred by the applicable one-year statute of limitations. *Id. at Docs. 30-31*. Wilson did not appeal my denial of her habeas Petition.

On March 1, 2012, Wilson filed a second § 2254 habeas action challenging her 2005 conviction. *See Wilson v. Hobbs*, E.D. Ark. No. 5:12-cv 00087-JLH. On April 13, 2012, Judge Holmes entered an Order dismissing Wilson's § 2254 habeas Petition, in its entirety, as successive. *Id. at Docs. 11 & 12*. Wilson did not appeal.

On April 6, 2012, Wilson filed her third § 2254 habeas petition, again challenging her 2005 conviction. *See Wilson v. Hobbs*, E.D. Ark. No. 5:12-cv-00124-JLH. On April 27, 2012, Judge Holmes once again entered an Order dismissing Wilson's § 2254 habeas Petition, in its entirety, as successive. *Id. at Docs. 8 & 9*. Wilson did not appeal.

On February 7, 2022, Wilson initiated this action, which represents her fourth § 2254 challenge to her 2005 state court conviction. For the reasons discussed below, the Court recommends that the case be dismissed, *sua sponte*, because Wilson has not obtained the required permission from the Eighth Circuit Court of Appeals *before* bringing this successive habeas action.

## II. DISCUSSION

After conducting the required initial review of a § 2254 habeas petition, a federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; 28 U.S.C. § 2243. As part of this initial review, a federal court is also obligated to decide whether it has subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010)("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

This is Wilson's fourth § 2254 habeas action and her third "second or successive" petition challenging her 2005 state conviction. Only the Eighth Circuit has the authority to permit Wilson to file a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Unless and until Wilson obtains the required authorization from the Eighth Circuit, this Court lacks subject matter jurisdiction over this action. *Burton v.*

*Stewart*, 549 U.S. 147, 152-53, 157 (2007) (absent prior authorization, district court lacks jurisdiction to entertain a "second or successive" § 2254 habeas petition).

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Petitioner Wilson's 28 U.S.C. § 2254 Petition, *Doc. 2*, be DENIED, and this case be DISMISSED, without prejudice.

2. All pending motions be DENIED as moot.

3. A Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 8th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE